UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN M. BLOODWORTH,

    Plaintiff,

    v.                                    Case No. 10-C-0273

MILWAUKEE COUNTY,

    Defendant.

**DECISION AND ORDER**

**I. PROCEDURAL BACKGROUND**

This action was commenced on March 30, 2010, when the plaintiff, Stephen M. Bloodworth ("Mr. Bloodworth"), filed a complaint against the Village of Greendale ("Greendale") and Milwaukee County ("the County"). The claim against Greendale was dismissed by the court on January 12, 2011, as a result of the court's granting Greendale's motion to dismiss. This means that the County is the only defendant remaining.

On June 8, 2011, the County filed a motion for summary judgment. On June 21, 2011, Mr. Bloodworth filed his response to the County's motion. Shortly thereafter, on July 1, 2011, Mr. Bloodworth filed his own motion for summary judgment. Mr. Bloodworth has also filed a number of other written submissions. These are as follows: a "Motion" for default, joinder, and dismissal (filed on April 19, 2011); a "Brief as to Discovery" (filed on June 7, 2011); a "Brief of May 31st Order to Deny Discovery" (filed on June 7, 2011); a "Rule 5.1 Constitutional Challenge of WI 968.20" (filed on June 10, 2011); a "Notice of Refusal of Deposition & Objection" (filed on June 14, 2011); and, a "Motion for Sanctions" against defense attorneys (filed on July 18, 2011).

For the reasons that follow, the County's motion for summary judgment will be granted, and the various motions filed by the plaintiff will be denied as moot.

## II. SUMMARY JUDGMENT

A district court shall grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). However, a mere scintilla of evidence in support of the nonmovant's position is insufficient. *See Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009).

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all

2

reasonable inferences in that party's favor. *See Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citing *Anderson*, 477 U.S. at 255). "'[I]n the light most favorable' . . . 'simply means that summary judgment is not appropriate if the court must make a choice of inferences.'" *Harley-Davidson Motor Co., Inc. v. PowerSports, Inc.*, 319 F.3d 973, 989 (7th Cir. 2003) (quoting *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997)).

### III. DISCUSSION

The resolution of this case starts and ends (as it must) with an assessment of the nature of the claim(s) asserted by Mr. Bloodworth against the County. In conducting that assessment, it is helpful to examine Mr. Bloodworth's amended complaint. The entire text of the amended complaint reads as follows:

> 1. Oct[.] 7, 2009, arrested at gunpoint by GPD [Greenfield Police Department]. Not read my rights nor was I asked to explain what had happened.
>
> 2. GPD made no attempt to verify an actual emergency. GPD assumed an emergency and dispatched "SWAT." GPD assumed a crime. GPD assumes 911 caller is a victim.
>
> 3. GPD did nothing to defuse this event, instead GPD attempted to set up a stand off.
>
> 4. I took it on myself to defuse this event by simply walking outside when I realized my residence was being "targeted." GPD report shows that SWAT members were still in the process of responding at this time.
>
> 5. GPD demanded entrance into my residence not knowing if a crime had occurred or if any real fire arm was inside. GPD seized 3 fire arms.
>
> 6. Taken to GPD Safety Center, booked, not offered a phone call, asked to take a breathalyzer test although I showed no signs of intoxication. Took test anyway, at 0.00.
>
> 7. Made a statement, told GPD Officer that I acted in self defense, GPD continued to assume a crime on my part. GPD attempted to charge a felony.
>
> 8. Booked in County Jail. Phones for prisoners are mostly unusable, no Jail employee explains how phones work, was not offered a phone call on a "regular" phone.

3

9. Blood pressure checked at 171/115 while being booked, no medical care given.

10. Oct. 8, 2009, Appeared in Intake Court, charged with disorderly conduct.

11. Released on Oct 9, 2009 shortly after midnight, no phone call offered, not asked if I knew where I was going or how I would get there.

12. Feb. 8, 2010, Misdemeanor disorderly conduct charge dismissed.

13. Told by GPD that I had to petition the Circuit Court to get fire arms back.

14. Petition name is "Misdemeanor/No Process" and is shown as "criminal process."

15. April 9, 2010 appeared at petition hearing. DA was served as required, DA is a "no show" at hearing. Plaintiff referred to at hearing as "defendant."

16. Plaintiff denied return of property. Judge McMahon bases this denial on the dismissed case, in which, she assumes guilt had the case not been dismissed.

(Am. Compl.)

A fair reading of the amended complaint would indicate that Mr. Bloodworth complains about the manner is which individual officers of the Greendale Police Department treated him on the evening of October 7, 2009, when he was taken into custody by such officers. Such fair reading would also indicate that Mr. Bloodworth complains about his not being allowed to make a phone call and about not being afforded medical care for the high blood pressure he was experiencing while in the county jail. He also seems to be complaining about his being released from jail without any concern on the part of those persons releasing him as to where he was to go or how he was to get home. Finally, Mr. Bloodworth seems to be complaining about the Milwaukee County Circuit Court judge not returning to him firearms that were seized at the time of his arrest on October 7, 2010.

At the outset, it must be emphasized that Mr. Bloodworth has not at any time named any individuals (state actors) as defendants in this federal civil rights case (which the court has fairly construed to be one in which Mr. Bloodworth is seeking relief pursuant to 42 U.S.C. § 1983; indeed, there would be no federal court jurisdiction over mere state law tort claims). Instead, Mr.

4

Bloodworth has steadfastly pursued <u>only</u> the Village of Greendale and Milwaukee County as defendants.

It is well established that the doctrine of respondeat superior cannot be used to hold a municipality liable. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). [1] "[A] government entity is only liable under § 1983 when execution of a government policy or custom 'by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy' inflicts the injury of which the plaintiff complains." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004) (citing *Monell*, 436 U.S. at 694). The Seventh Circuit has held that there are three ways in which a municipality can be held liable for its own policies under § 1983:

> (1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well settled as to constitute a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused the constitutional injury.

*Lawrence v. Kenosha County*, 391 F.3d at 837, 844 (7th Cir. 2004) (citing *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)); *see also Chortek*, 356 at 748.

To be sure, Mr. Bloodworth complains about the manner in which he was treated in the county jail. However, he offers no evidence that an express policy, a practice or custom, or a person with final policymaking authority in Milwaukee County caused any of the matters about which he complains. Without such evidence, Milwaukee County cannot be held liable for the actions of its employees, even assuming for the sake of argument that such actions deprived Mr. Bloodworth of some right under the United States Constitution. *See Lawrence*, 391 F.3d at 843-44.

---

[1] Respondeat superior is the "doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." Black's Law Dictionary 1313 (7th ed. 1999).

Nowhere in the plaintiff's submissions does he identify anything that resembles an express policy, made by individuals with policymaking authority who are "capable of establishing 'official policy' as required by *Monell*." *Chortek*, 356 F.3d at 748-49 (citing *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1324-25 (7th Cir. 1993)). Nor has Mr. Bloodworth alleged or presented any evidence that a person with final County policymaking authority caused any claimed injury.

To be sure, "[a] practice of unconstitutional conduct, although lacking formal approval, may provide a basis for municipal liability." *Cornfield*, 991 F.2d at 1326 (7th Cir. 1993). However, the practice or custom must be more than "a single isolated incident of wrongdoing by a non-policymaker." *Id.* (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)). Rather, the allegation must be of a pattern or series of events, an "enduring practice[] of officials or their employees." *Id.* And simply stated, Mr. Bloodworth has not presented any evidence suggesting an enduring practice of unconstitutional conduct on the part of county officials or employees of which he was a victim.[2]

If there is anything obvious from Mr. Bloodworth's written submissions in this case it is that he believes that he was wrongly treated by those persons with whom he has dealt, from the time of his arrest on October 7, 2009, through his being denied by the circuit court the return of the firearms that were seized from him that same day. Indeed, his written submissions lament, among other things, his having to pay filing fees in order to have the state court of appeals and state supreme court

---

[2] Mr. Bloodworth, in his "Notice of Refusal of Deposition & Objection," asserts that he served upon Milwaukee County Chief Judge Jeffrey Kremers "general questions as to proceedings and policy in Milwaukee County Circuit Court." However, Mr. Bloodworth fails to mention what proceedings and policies to which he was referring in his written questions, and he also fails to demonstrate how the answers to such questions would tend to demonstrate that he was the victim of any express policy or of any practice of unconstitutional conduct on the part of the County as a governmental entity.

hear his challenge to the circuit court's decision, only to have his challenge be rejected by those reviewing courts. His feeling of frustration that is so apparent from his written submissions is somewhat understandable. But, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They do not serve as ombudsman[3] to hear and resolve any and all complaints by citizens about their state and local governmental entities. And, to repeat, Mr. Bloodworth's complaint does not name any individual persons as defendants in this civil rights action (much less have any individual persons been served with summonses naming them as defendants).

A lawsuit in federal court cannot be used as a platform upon which a plaintiff heaps high his various criticisms of and complaints about state and local government. And that Mr. Bloodworth is attempting to do just that is evidenced by his belated attempt to challenge the constitutionality of Wis. Stats. § 968.20 (the Wisconsin state statute setting forth the process to be followed by claimants and state courts in deciding whether or not to return seized property). After all, no where in his amended complaint does he allege (or even suggest) that § 968.20 is unconstitutional. And his Rule 5.1 Notice of Constitutional Challenge was not even filed until after the County had already filed its motion for summary judgment. *See Atl. Recording Corp. v. Anderson*, No. H-06-3578, 2008 U.S. Dist. LEXIS 53654, at *12 (S.D. Tex. Mar. 12, 2008) (Fed. R. Civ. P. 5.1(b) request was untimely since action had been pending for over a year and the 5.1 notice was not filed until after motion for summary judgment had been filed by opposing party).

In the end, this court is not insensitive to Mr. Bloodworth's obvious exasperation. But that the court may be sympathetic to Mr. Bloodworth's feeling of frustration does not (nor can it) translate

---

[3] "An official appointed to receive, investigate, and report on private citizens' complaints about the government." Black's Law Dictionary 1115 (7th ed. 1999).

7
Case 2:10-cv-00273-WEC   Filed 09/20/11   Page 7 of 9   Document 117

into a finding that he can avoid summary judgment on the claims he asserted against the County. To the contrary, for the reasons set forth above, summary judgment must as a matter of law be granted to the County. And so it shall be.

**NOW THEREFORE IT IS ORDERED** that defendant Milwaukee County's motion for summary judgment (Docket No. 97) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff Stephen M. Bloodworth's motion for summary judgment (Docket No. 107) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that plaintiff Stephen M. Bloodworth's "Motion" for default, joinder, and dismissal (Docket No. 82) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that plaintiff Stephen M. Bloodworth's "Motion for Sanctions" against defense attorneys (Docket No. 111) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that, to the extent that the following can be construed as motions, plaintiff Stephen M. Bloodworth's "Brief as to Discovery" (filed on June 7, 2011); "Brief of May 31st Order to Deny Discovery" (filed on June 7, 2011); "Rule 5.1 Constitutional Challenge of WI 968.20" (filed on June 10, 2011); and "Notice of Refusal of Deposition & Objection" (filed on June 14, 2011), be and hereby are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that plaintiff Stephen M. Bloodworth's claims against defendant Milwaukee County be and hereby are **DISMISSED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 20th day of September 2011 at Milwaukee, Wisconsin.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge